IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BISCH and DAVID SHAEV, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>ROBERT N. BONTEMPO, NICHOLAS P. CONSTANTAKIS, DAVID L. DENINNO, ROBERT H. FOGLESONG, MARK E. KAPLAN, PAMELA S. PIERCE, DAVID N. WORMLEY, and MICHAEL BAKER CORPORATION,<br><br>          Defendants. | Case No. 2:13-cv-01392 |

### ORDER OF PRELIMINARY APPROVAL OF
### CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION

WHEREAS, the Parties, by and through their respective counsel, to the above-captioned putative shareholder class action (the "Action") have agreed to settle the Action; and

WHEREAS, the Parties in the Action have applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for an Order approving the proposed Settlement of the Action and determining certain matters in accordance with the Stipulation of Settlement entered into by and among the Parties, dated January 30, 2014 (the "Stipulation"), and for the dismissal of the Action upon the terms and conditions set forth in the Stipulation;[1]

NOW, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED AND ADJUDGED this 3rd day of March, 2014, that:

---

[1] Capitalized terms (other than proper nouns) that are not defined herein shall have the meanings set forth in the Stipulation.

1. <u>Conditional Certification of Class</u>. In accordance with Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Action shall be maintained as a class action on behalf of the following non-opt-out class (the "Settlement Class"):

> all owners of shares of the common stock of Michael Baker Corporation ("Baker" or the "Company"), either of record or beneficially, and their successors in interest at any time between and including July 29, 2013 (the announcement date of the Merger Agreement) and October 11, 2013 (the date of the consummation of the Merger) ("Class Period"), excluding Defendants and DC Capital, and their respective immediate family members, entities in which they have or had a controlling interest and affiliates, officers and directors of any one or more of the foregoing entities, and the respective legal representatives, heirs, successors in interest, predecessors, trustees, executors, administrators, heirs, assigns, or transferees of any such excluded persons.

The Court preliminarily finds that, for settlement purposes only, all elements of Rules 23(a) and 23(b)(1) and/or (b)(2) are met and conditional certification of the Action as a class action is appropriate.

2. <u>Conditional Designation of Class Representatives and Class Counsel</u>. The Court preliminarily finds that Plaintiffs Steven Bisch and David Shaev and their counsel, Levi & Korsinsky LLP ("Levi & Korsinsky") and Pomerantz LLP (the "Pomerantz Firm"), fairly and adequately represent the interests of Settlement Class members – *i.e.*, similarly situated Baker shareholders – for the sole purpose of seeking settlement of the Action, and conditionally designates Plaintiffs Steven Bisch and David Shaev as Class Representatives and Levi & Korsinsky and the Pomerantz Firm as Class Counsel.

3. <u>Settlement Hearing</u>. A hearing (the "Settlement Hearing") will be held on Wednesday, May 21, 2014 at 10:00 a.m., in Courtroom 9C of the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, in order to: (1) consider whether the Settlement Class should be certified permanently, for purposes of

settlement only, and determine whether Plaintiffs Steven Bisch and David Shaev and and their counsel, Levi & Korsinsky and the Pomerantz Firm should be finally appointed as Class Representative and Class Counsel, respectively; (2) determine whether the Court should finally approve the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class, and whether the Order and Final Judgment, substantially in the form attached as Exhibit C to the Stipulation, should be entered; (3) determine that the Notice was mailed in accordance with Paragraph 6 of this Order and that notice was given in full compliance with each of the requirements of Rule 23(e) and due process; (4) rule on the application of Plaintiffs' counsel for an award of attorneys' fees and expenses ("Fee and Expense Application"); (5) hear and determine any objections to the Settlement and to final certification of the Settlement Class; and (6) consider other matters that the Court deems appropriate. The Court reserves the right to adjourn and reconvene the Settlement Hearing, including with respect to the consideration of Plaintiffs' Fee and Expense Application, without further notice to Settlement Class members other than by oral announcement at the Settlement Hearing or any adjournment thereof.

4. <u>Preliminary Approval of the Settlement</u>. The Court preliminarily approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of the Settlement Class, subject to further consideration at the Settlement Hearing.

5. <u>Approval of Notice</u>. The Court approves, in form and substance, the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") substantially in the form attached as Exhibit 1 hereto. The Court finds the mailing of the Notice in substantially the manner set forth in Paragraph 6 of this Order constitutes the appropriate and reasonable notice to all persons entitled to notice of the Settlement Hearing and the proposed Settlement, and meets the requirements of Rule 23 and due process.

6.  <u>Notice Procedures</u>.  Within ten (10) business days after entry of this Order, Baker and (or its insurer(s) or successor(s)) shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by United States mail, first-class, postage pre-paid, to all Settlement Class members can be identified with reasonable effort – *i.e.*, at their last known addresses appearing in the transfer records maintained by or on behalf of Baker.  All record holders during the Class Period who were not also the beneficial owners of the Baker common stock shall be requested in the Notice to forward the Notice to the beneficial owners of such common stock or, alternatively, to provide Baker with a list of the names and addresses of such beneficial owners promptly after receipt of the Notice.  Baker and/or its successor(s)-in-interest shall use reasonable efforts to give notice to such beneficial owners by causing additional copies of the Notice: (1) to be made available to any record holder who, prior to the Settlement Hearing, requests the same for distribution to beneficial owners, or (2) to be mailed to beneficial owners whose names and addresses are provided to Baker and/or its successor(s)-in-interest by the record holders.

7.  <u>Proof of Notice</u>.  At least seven (7) calendar days before the Settlement Hearing, counsel for Baker shall file with the Court proof, by affidavit, of mailing of the Notice.

8.  <u>Final Approval of Settlement and Fee and Expense Application</u>.  At least twenty-one (21) calendar days before the date of the Settlement Hearing, Plaintiffs' counsel shall file with the Court papers in support of final approval of the Settlement and the Fee and Expense Application.  All papers in further support of the Settlement and Fee and Expense Application and/or responding to objections or oppositions, if any, shall be filed with the Court and served on any objecting party at least seven (7) calendar days before the Settlement Hearing.  Neither Defendants nor their Related Parties shall have any responsibility to respond to any application

for attorneys' fees or expenses by Plaintiffs and/or Counsel for Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

9. <u>Appearance at Settlement Hearing and Objections to Settlement and/or Plaintiffs' Fee and Expense Application</u>. At the Settlement Hearing, any member of the Settlement Class who desires to do so may appear personally or by counsel, at their own expense, and show cause, if any, why the Settlement Class should not be permanently certified for settlement purposes; why the settlement of the Action in accordance with and as set forth in the Stipulation should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; why the Judgment should not be entered in accordance with and as set forth in the Stipulation; or why the Court should not grant an award of reasonable attorneys' fees and expenses to Plaintiffs' counsel for their services and actual expenses incurred in the Action; *provided, however*, that unless the Court in its discretion otherwise directs, no Settlement Class member, or any other person, shall be entitled to contest the approval of the terms and conditions of the Settlement or (if approved) the Judgment to be entered thereon, or the allowance of fees and expenses to Plaintiffs' counsel, and no papers, briefs, pleadings, or other documents submitted by any member of the Settlement Class or any other person (excluding a Party to the Stipulation) shall be received or considered, except by order of the Court for good cause shown, unless, no later than fourteen (14) calendar days prior to the Settlement Hearing, which shall be at least forty-five (45) calendar days after commencement of the dissemination of the Notice, such person files with the Court, and serves upon the attorneys listed below: (a) a written notice of intention to appear; (b) proof of membership in the Settlement Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of Baker stock during the Class Period; (c) a statement of objections to any matter before the Court; and (d) the grounds therefor

5

or the reasons for wanting to appear and be heard, as well as all documents or writings the Court shall be asked to consider. These writings must be served upon the following attorneys by hand delivery, overnight mail, or U.S. first-class mail:

| **Counsel for Defendants:** | **Counsel for Plaintiffs:** |
|---|---|
| Thomas S. Jones<br>Jeffrey J. Bresch<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514<br><br>-and-<br><br>Eric Landau<br>Travis Biffar<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA  92612-4408 | Shane T. Rowley<br>Julia Sun<br>LEVI & KORSINSKY, LLP<br>30 Broad Street, 24th Floor<br>New York, NY 10004<br><br>-and-<br><br>Gustavo F. Bruckner<br>Samuel J. Adams<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York  10016 |

10.     <u>Failure to Appear or Object</u>.  Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.  Settlement Class members who do not object need not appear at the Settlement Hearing or take any other action to indicate their approval.

11.     <u>Stay of Proceedings</u>.  All proceedings in the Action, other than proceedings as may be incident to carry out the terms and conditions of the Stipulation, the Settlement, or Plaintiffs' Fee and Expense Application, are hereby stayed and suspended until further order of this Court.  Further, pending final determination whether the Settlement should be approved, Plaintiffs, Plaintiffs' counsel, and all members of the Settlement Class are barred and enjoined from commencing or prosecuting, either directly, representatively, or in any other capacity, any

action or proceeding in any court or tribunal asserting any claims that are, or relate in any way to, Released Claims against Released Parties (as defined in the Stipulation).

12. <u>No Admissions by the Parties</u>.  The provisions contained in the Stipulation shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Action of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, offered, or received in evidence or otherwise used by any Party in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Stipulation.

13. Any person falling within the definition of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

14. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and counsel for Plaintiffs or Defendants elects to terminate the Settlement as provided for in the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of the Stipulation.

15. <u>Retention of Exclusive Jurisdiction by the Court.</u> The Court retains exclusive jurisdiction over the Action to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 3rd day of March, 2014.

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE