**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEVEN BISCH and DAVID SHAEV, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:13-cv-01392 |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| ROBERT N. BONTEMPO, NICHOLAS P. CONSTANTAKIS, DAVID L. DENINNO, ROBERT H. FOGLESONG, MARK E. KAPLAN, PAMELA S. PIERCE, DAVID N. WORMLEY, and MICHAEL BAKER CORPORATION, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF PENDENCY OF CLASS ACTION,**
**PROPOSED SETTLEMENT OF CLASS ACTION,**
**SETTLEMENT HEARING, AND RIGHT TO APPEAR**

TO:   ALL PERSONS OR ENTITIES WHO HELD SHARES OF MICHAEL BAKER CORPORATION COMMON STOCK (OR ANY INTEREST THEREIN), EITHER OF RECORD OR BENEFICIALLY, AND THEIR SUCCESSORS IN INTEREST AT ANY TIME BETWEEN AND INCLUDING JULY 29, 2013 AND OCTOBER 11, 2013.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LAWSUIT.  IF THE COURT APPROVES THE PROPOSED SETTLEMENT OF THIS LAWSUIT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE PROPOSED SETTLEMENT AND RELATED MATTERS AND FROM PURSUING THE RELEASED CLAIMS (AS DEFINED HEREIN).

IF YOU HOLD MICHAEL BAKER CORPORATION COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

I.      **THE PURPOSE OF THIS NOTICE**

The purpose of this Notice is to inform you of the existence of the above-captioned action (the "Action") brought by Plaintiffs Steven Bisch and David Shaev ("Plaintiffs") and its proposed settlement (the "Settlement").

This Notice also informs you of the Court's conditional certification of a Class (as defined below) for purposes of the Settlement, and of your right to participate in a hearing to be held on May 21, 2014 at 10:00 a.m., in Courtroom 9C of the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219 (the "Settlement Hearing") to:

- determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class and direct consummation of the Settlement in accordance with its terms and conditions;

- determine whether to certify the Settlement Class as a non-opt out class for purposes of the settlement pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2);

- determine whether to dismiss Plaintiffs' claims with prejudice as against the Defendants and the Released Persons;

- determine whether to permanently bar and enjoin the members of the Settlement Class from instituting, commencing, prosecuting, participating in, or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, asserting any claims that are, arise out of, or in any way relate to, the Settled Claims as defined in the Stipulation of Settlement executed by the Parties on January 30, 2014;

- rule on the application of Plaintiffs' Counsels for an award of attorneys' fees and expenses;

- hear and determine any objections to the Settlement and to final certification of the Class; and

- hear such other matters as the Court may deem appropriate.

The Court has conditionally determined that the Action shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), pursued by Plaintiffs, as representatives of and on behalf of the members of the Class (as defined below).   The Defendants are Michael Baker Corporation ("Baker" or the "Company"), Robert N. Bontempo, Nicholas P. Constantakis, David L. DeNinno, Robert H. Foglesong, Mark E. Kaplan, Pamela S. Pierce, David N. Wormley (collectively, the "Defendants").  (Defendants and Plaintiffs are collectively referred to as the "Parties.")

This Notice describes the rights you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement.

If the Court approves the Settlement, the Parties to the Action will ask the Court to enter an Order and Final Judgment (as defined in Section IX, below) dismissing the Action with prejudice on the merits.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.    BACKGROUND OF THE ACTION

On July 29, 2013, Michael Baker Corporation ("Baker" or the "Company") announced that its Board had unanimously approved and authorized its entry into a definitive merger agreement (as amended on August 30, 2013, the "Merger Agreement"), pursuant to which Integrated Mission Solutions, LLC ("IMS"), an affiliate of D.C. Capital Partners ("DC Capital"), would acquire all of the outstanding shares of Baker common stock for $40.50 per share (the "Merger").  The Merger would be accomplished following a cash tender offer by a subsidiary of IMS to acquire all of the outstanding shares of Baker (the "Tender Offer") (collectively, with the Merger, the "Transaction").

On August 8, 2013, Robert N. Bontempo, Nicholas P. Constantakis, David L. DeNinno, Robert H. Foglesong, Mark E. Kaplan, Pamela S. Pierce, David N. Wormley ("Individual Defendants," or "the Board,") received two demand letters from Plaintiffs (the "Demand Letters").   Each of the Demand Letters alleged that the members of the Board breached their fiduciary duties to Baker and its shareholders in connection with the Transaction.  Among other things, the Demand Letters requested that the Board remedy alleged breaches of fiduciary duty by the Board in approving the Transaction with IMS. Both Demand Letters generally argued that the Tender Offer consideration was insufficient and that the process by which the Transaction was approved was deficient.

On or about August 14, 2013, respective counsel for Plaintiffs, Levi & Korsinsky LLP ("Levi & Korsinsky") and Pomerantz LLP (the "Pomerantz Firm"), determined to work together on behalf of Plaintiffs and the putative class of Baker shareholders in connection with the issues raised in the Demand Letters.

One week later, on August 21, 2013, pursuant to Pennsylvania law, the Board established a special litigation committee (the "SLC"), consisting of David N. Wormley, Mark E. Kaplan, and David L. DeNinno, each of whom were independent members of the Board who informed the Board prior to appointment that he did not have any intention at that time to serve as "Initial Continuing Directors" (as that term is defined in the Schedule 14D-9 filed by Baker on September 9, 2013) of IMS upon the consummation of the Transaction, to investigate the allegations in the Demand Letters and to determine, on behalf of Baker, the appropriate actions to take, if any, in response to the Demand Letters.

On September 6, 2013, counsel for the SLC, King & Spalding LLP ("King & Spalding"), contacted Levi & Korsinsky and the Pomerantz Firm, respectively, inviting Plaintiffs' counsel to meet with the SLC's representatives concerning the issues raised in the Demand Letters. The respective counsel for Plaintiffs, the SLC and the Board later determined to meet at the offices of King & Spalding in New York, New York on September 23, 2013.

In the meantime, on September 9, 2013, Baker filed with the SEC a Schedule 14D-9 Recommendation Statement ("Schedule 14D-9") in which Baker, *inter alia*, indicated that its Board, following consultation with its legal and financial advisors, unanimously: (1) authorized, approved and adopted the Merger Agreement, the Tender Offer and proposed Merger and the transactions contemplated thereby, (2) declared that the Merger Agreement, the Tender Offer and proposed Merger and the transactions contemplated thereby were advisable and fair to the shareholders and in the best interests of the Company, and (3) recommended that the shareholders of Baker accept the Tender Offer and tender their shares pursuant to the Tender Offer and, if required under applicable law to effect the Merger, the Merger Agreement be submitted to the shareholders entitled to vote thereon for the purpose of approving the Merger Agreement and that the shareholders vote to approve and adopt the same.

During the pendency of its investigation, the SLC determined to share certain non-public, internal information concerning the proposed Transaction with Plaintiffs. To that end, Plaintiffs and the Individual Defendants entered into an Agreement Governing the Inspection of Confidential Material on September 18, 2013 (the "Confidentiality Agreement"), and, pursuant to the terms of the Confidentiality Agreement, between

5

September 18 and 20, inclusive, counsel for the SLC provided Plaintiffs and their counsel with more than 5,400 pages of internal documents – the vast majority of which were confidentially designated – addressing the information requested by Plaintiffs.

After carefully reviewing the documents provided by the SLC with the assistance of an independent financial consultant, Plaintiffs delivered a written demand for action on September 22, 2013.

The next day, on September 23, 2013, Plaintiffs' counsel and their retained expert met with representatives of Jones Day, counsel for the Board, and King & Spalding, counsel for the SLC, in New York, New York to discuss, among other things, Plaintiffs' demand for action.

On September 24, 2013, Plaintiffs commenced the Action.[1]  The Action asserts claims for relief under Section 14(e) of the Securities Exchange Act of 1934 and claims under 15 Pa.C.S. § 1105.  The Action alleges, *inter alia*, that Defendants breached their fiduciary duties by seeking to sell Baker through an allegedly unfair process, for an inadequate price and on unfair terms, and that the Company and its Board failed to provide material information and/or omitted material information from the Schedule 14D-9.  The Action sought to enjoin the Tender Offer and proposed Merger, certain other declaratory and equitable relief, and attorneys' fees and costs, until and unless Defendants cured their alleged breaches of fiduciary duties.

---

[1]  On September 26, 2013, a purported shareholder filed an individual complaint in the United States District Court for the Western District of Pennsylvania, captioned *Special Trading Fund v. Robert N. Bontempo, et al.*, Case No. 2:13-cv-01401-TFM (the "STF Complaint").  The STF Complaint asserted an individual claim for relief under Section 14(e) of the Securities Exchange Act of 1934.  On October 4, 2013, the STF Complaint was voluntarily dismissed by the purported shareholder.

On October 1, 2013, Baker, in substantial part as a result of the pendency and prosecution of the Action and the extensive arm's-length negotiations between the respective counsel for Plaintiffs, Defendants, and the SLC, filed with the SEC Amendment No. 2 to the Schedule 14D-9 containing supplemental disclosures concerning the Tender Offer and proposed Merger (the "Additional Disclosures"), substantially in the form attached hereto as Exhibit A.

The Tender Offer and withdrawal rights expired at the end of the day on October 7, 2013, with approximately 85.3% of the outstanding common stock of Baker validly tendered in the Tender Offer and not withdrawn.   Baker and IMS announced the successful consummation of the Merger on October 11, 2013.

The respective counsel for Plaintiffs, Defendants, and the SLC engaged in further arm's-length negotiations regarding a potential settlement of the Action.   After extensive negotiations, through their respective counsel, the Parties reached an agreement in principle, set forth in a Memorandum of Understanding ("MOU") executed by the Parties on October 11, 2013, providing for the settlement of the Action between and among Plaintiffs, on behalf of themselves and the putative Settlement Class, and Defendants.

Pursuant to the MOU, Defendants agreed to, *inter alia*, provide Plaintiffs with additional reasonable discovery to allow Plaintiff to confirm the fairness, reasonableness and adequacy of the proposed Settlement (the "Confirmatory Discovery").   On October 14, 2013, Defendants produced the Report of the SLC and the exhibits referenced therein to Plaintiffs' counsel as Confirmatory Discovery, all of which were designated as confidential.   Following a careful and thorough review of the SLC Report and exhibits, Plaintiffs' determined that further Confirmatory Discovery was not warranted and that

the terms of the proposed Settlement are fair, reasonable, and adequate, and in the best interests of the members of the Settlement Class because, as a result of Defendants' public disclosure of the Additional Disclosures, Baker shareholders were able to make a fully informed decision with respect to whether or not to tender their shares in the Tender Offer.

Accordingly, the Parties determined to enter into a Stipulation of Settlement executed by the Parties on January 30, 2014 (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Settlement was only reached after vigorous arm's-length negotiations between the Parties, who were all represented by counsel with extensive experience and expertise in shareholder class action litigation.  During the negotiations, all Parties had a clear view of the strengths and weaknesses of their respective claims and defenses.  Plaintiffs and their counsel have concluded that the Additional Disclosures provided Baker shareholders with material information sufficient to make a fully-informed decision on whether to tender their shares in the Tender Offer.

Furthermore, at no time prior to the completion of Confirmatory Discovery and Plaintiffs' counsel's determination that such discovery further confirmed the fairness, adequacy, and reasonableness of the proposed Settlement, were there any discussions or agreements between the Parties regarding the reasonable amount of Plaintiffs' attorneys' fees or expenses ("Fee And Expense Application").

III.    <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT</u>

| DO NOTHING | You will be bound by the judgment entered by the Court if it approves the Settlement, including releasing the Settled Claims (as defined below). |
|---|---|
| OBJECT | You may write to the Court if you wish to object to the Settlement, the Judgment to be entered in the Action, certification of the |

| | Settlement Class, and/or Plaintiffs' Counsel's Fee and Expense Application. |
|---|---|
| GO TO THE SETTLEMENT HEARING | You may attend and, subject to certain requirements provided in detail at section VIII below, speak at the Settlement Hearing to be held on May 21, 2014 at 10:00 a.m., in Courtroom 9C of the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219. |

This Notice explains these rights and options – *and the deadlines to exercise them*.

The Court in charge of this case must decide whether to approve the Settlement.

## IV.    BASIC INFORMATION

### 1.  Why Did I Get This Notice?

You or someone in your household held shares of Baker common stock on any day during the period beginning on July 29, 2013 through and including October 11, 2013, inclusive.

The Court ordered dissemination of this Notice because you have a right to know about a proposed Settlement of a class action lawsuit before the Court decides whether to approve the Settlement. This Notice explains the Action, the Settlement, and your legal rights. The Court in charge of this case is the United States District Court for the Western District of Pennsylvania.

### 2.  What Is The Action About?

The Action was brought as a federal class action. As explained in greater detail in Section II, Plaintiffs alleged that Defendants breached, and/or aided and abetted other Defendants in breaching, their fiduciary duties to Baker and its shareholders in connection with IMS's acquisition of Baker. Among other things, Plaintiffs sought to

enjoin Defendants from proceeding with the Transaction unless and until they remedied these breaches of fiduciary duty.

Defendants contend that the allegations are without merit and deny that they did anything wrong. However, Defendants agreed to make the Additional Disclosures and settle the Actions.

### 3.   Why Is This A Class Action?

In a class action, one or more persons or entities seek to sue as class representatives on behalf of similarly situated persons and entities. These similarly situated people and entities are called a Class. One court resolves the issues for all Class members. Pursuant to the Parties' agreement, the Court in charge of this case is the United States District Court for the Western District of Pennsylvania.

### 4.   Why Is There A Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, after extensive arm's-length negotiations, the Parties agreed to a settlement, thereby avoiding the costs and risks of a trial. Before agreeing to finalize the settlement, Plaintiffs' Counsel negotiated for the right to conduct discovery to confirm that the material terms of the Merger were fair. Following completion of the discovery, Plaintiffs' Counsel determined that the Additional Disclosures provided to Baker shareholders were sufficient to allow them to make an informed decision on whether to vote in favor of the Merger.

### 5.   How Do I Know If I Am Part Of The Settlement?

The Settlement Class includes all owners of Baker common stock, either of record or beneficially, and their successors in interest at any time between and including July 29, 2013 and October 11, 2013, excluding Defendants and DC Capital, and their respective immediate family members, entities in which they have or had a controlling interest and affiliates, officers and directors of any one or more of the foregoing entities, and the respective legal representatives, heirs, successors in interest, predecessors, trustees, executors, administrators, heirs, assigns, or transferees of any such excluded persons.

## V.     **THE SETTLEMENT BENEFITS**

**6.  What Does The Settlement Provide?**

Pursuant to the terms of the Settlement, Defendants made Additional Disclosures on October 1, 2013, prior to the expiration of the Tender Offer and withdrawal rights on October 7, 2013.  The information contained in the Additional Disclosures had not been included in the Schedule 14D-9 filed with the SEC on September 9, 2013, and Plaintiffs considered such information to be material and important for Baker shareholders to make a fully informed decision with respect to whether or not to tender their shares in the Tender Offer.

The full text of the Additional Disclosures and the terms of the Settlement are set forth in Exhibit A to the Stipulation.

**7.  What Does It Mean To Be Part Of The Settlement Class?**

If the Court certifies the Settlement Class as a non-opt out class pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), and you are a member of the Settlement Class, you cannot sue or be part of any other lawsuit, if one is filed, against

the Defendants or other Released Persons[2] about the legal issues in the Action. It also means that all of the Court's orders will apply to you and legally bind you. In addition to releasing the Settled Claims[3], you are also releasing the Unknown Claims[4] against the Released Persons based upon or arising out of the commencement, prosecution, settlement, or resolution of the Action or the Settled Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

## VI.    THE LAWYERS REPRESENTING YOU

[2] The term "Released Persons" includes Defendants and DC Capital, and any of their past or present immediate family members, marital communities, predecessors, successors-in-interest, parents, subsidiaries, associates, representatives, agents, officers, directors, stockholders, employees, principals, trustees, executors, heirs, affiliates (including subsidiaries thereof), assigns or transferees and any person or entity acting for or on behalf of any of them (including investment bankers, accountants, insurers, reinsurers and attorneys).

[3] The term "Settled Claims" means any and all claims, demands, rights, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law) by or on behalf of Plaintiffs, the Company (whether by the Company or any shareholder or other Person derivatively on behalf of the Company), or any Settlement Class members in their capacity as shareholders, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity against any of the Released Persons, which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to: (a) the allegations in the Action, (b) the Tender Offer, the Merger, the Merger Agreement and the transaction contemplated therein, (c) the conduct of the SLC including, without limitation, its investigation and recommendations, or (d) disclosures, statements or representations made in connection with the Tender Offer, the Merger, the Merger Agreement and the transaction contemplated therein (including the adequacy and completeness of such disclosures, statements or representations); provided, however, that the Settled Claims shall not include any claims to enforce the Settlement or any claims properly asserted by Baker shareholders for appraisal should such claims otherwise exist.

[4] The term "Unknown Claims" means any claim with respect to the subject matter of the Settled Claims that the Released Persons or Plaintiffs or members of the Settlement Class do not know or suspect exists in his, her, or its favor at the time of the release of the Settled Claims, including without limitation, those which, if known, might have affected the decision to enter into the Settlement or might have affected the decision not to object to the Settlement.

**8. Do I Have A Lawyer In This Case?**

The Pomerantz Firm and Levi & Korsinsky represent you and other members of the Settlement Class in the Action. These lawyers are called Plaintiffs' Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9. How Will The Lawyers Be Paid?**

Plaintiffs' Counsel have neither received any payment for their services in prosecuting the Action on behalf of Plaintiffs and the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket litigation expenses incurred to date. Subject to the terms and conditions of the Stipulation and any Order of the Court, Baker, its successor in interest, and/or its insurers shall pay or cause to be paid to Plaintiffs' Counsel, collectively, reasonable fees and expenses up to $365,000 ("Fee Amount"), as ordered by the Court. The Court-approved Fee Amount will be paid in accordance with the terms of the Stipulation and any Order of the Court. The Parties negotiated the provisions of the Fee Amount to compensate Plaintiffs' Counsel for their work in achieving the benefits of this Settlement only after resolving the substantive terms of the Settlement.

Neither you nor any other member of the Settlement Class is personally liable for the Fee Amount. The Fee Amount will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

**VII.  THE COURT'S SETTLEMENT HEARING**

**10. What Is The Purpose Of The Settlement Hearing?**

      1.     The Court has scheduled a Settlement Hearing, which will be held on May 21, 2014 at 10:00 a.m., in Courtroom 9C of the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, to: (1) consider whether the Class should be certified permanently, for purposes of settlement only, and determine whether Plaintiffs Steven Bisch and David Shaev and their counsel, Levi & Korsinsky and the Pomerantz Firm should be finally appointed as Class Representative and Class Counsel, respectively; (2) determine whether the Court should finally approve the Settlement as fair, reasonable, and adequate and in the best interests of the Class, and whether the Order and Final Judgment, substantially in the form attached as Exhibit C to the Stipulation, should be entered; (3) determine that the Notice was mailed in accordance with Paragraph 6 of the Order On Preliminary Approval Of Class Action Settlement and Class Certification and that notice was given in full compliance with each of the requirements of Rule 23(e)  and due process; (4) rule on the application of Plaintiffs' counsel for an award of attorneys' fees and expenses ("Fee and Expense Application"); (5) hear and determine any objections to the Settlement and to final certification of the Settlement Class; and (6) consider other matters that the Court deems appropriate.  The Court reserves the right to adjourn and reconvene the Settlement Hearing, including with respect to the consideration of Plaintiffs' Fee and Expense Application, without further notice to Settlement Class members other than by oral announcement at the Settlement Hearing or any adjournment thereof.

**11. Do I Have To Come To The Hearing?**

No. Plaintiffs' Counsel will answer questions the Court may have, but, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. You may attend and ask to speak or pay your own lawyer to attend and speak on your behalf, but it is not necessary.

**VIII.   Right To Appear And Object**

**12. How Do I Object?**

If you are a member of the Settlement Class and wish to object to the certification of the Settlement Class, approval of the Settlement and/or the Fee Amount, dismissal of the Action with prejudice, and/or otherwise wish to be heard on matters before the Court, you may appear in person or by counsel, at your own expense, at the Settlement Hearing and present evidence or argument that may be proper and relevant; *provided, however*, that in absence of an Order of the Court modifying this requirement for good cause shown, any member of the Settlement Class who wishes to be heard must, no later than fourteen (14) calendar days prior to the Settlement Hearing, serve copies of: (a) a written notice of intention to appear; (b) proof of membership in the Settlement Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of Baker stock during the Class Period; (c) a statement of objections to any matter before the Court; and (d) the grounds therefor or the reasons for wanting to appear and be heard, as well as all documents or writings the Court shall be asked to consider.  These writings must be served upon the following attorneys by hand delivery, overnight mail, or U.S. first-class mail:

| **Counsel for Defendants:** | **Counsel for Plaintiffs:** |
|---|---|
| Thomas S. Jones<br>Jeffrey J. Bresch<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514<br><br>-and-<br><br>Eric Landau<br>Travis Biffar<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA  92612-4408 | Shane T. Rowley<br>Julia Sun<br>LEVI & KORSINSKY, LLP<br>30 Broad Street, 24th Floor<br>New York, NY 10004<br><br>-and-<br><br>Gustavo F. Bruckner<br>Samuel J. Adams<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York  10016 |

Any person who fails to object in the manner provided above shall be deemed to have waived such objection and shall forever be barred from making any such objection in the Actions or in any other action or proceeding.

## IX.     THE FINAL JUDGMENT OF THE COURT

**13. What Does It Mean If The Court Enters Its Final Judgment?**

If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of the Settlement Class, the Parties to the Actions will ask the Court to enter an Order and Final Judgment, which will, among other things:

- approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class and direct consummation of the Settlement in accordance with its terms and conditions;
- finally certify the Settlement Class as a non-opt out class for purposes of the settlement pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2);

- dismiss Plaintiffs' claims with prejudice as against the Defendants and the Released Persons;
- permanently bar and enjoin the members of the Settlement Class from instituting, commencing, prosecuting, participating in or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, asserting any claims that are, arise out of, or in any way relate to, the Settled Claims as defined in the Stipulation;
- rule on the application of Plaintiffs' Counsels for an award of attorneys' fees and expenses;
- hear and determine any objections to the Settlement and to final certification of the Class; and
- hear such other matters as the Court may deem appropriate.

In the event the Settlement is not approved, or such approval does not become final, then the Settlement shall be of no further force and effect and each party then shall be returned to his, her or its respective position prior to the settlement without prejudice and as if the Settlement had not been entered into.

## X.   GETTING MORE INFORMATION

**14. Are There More Details About The Settlement?**

This Notice summarizes the proposed Settlement. This summary is qualified by, and subject to, the detailed terms of the Stipulation together with its Exhibits. You can obtain a copy of the Stipulation during business hours at the United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219.

15. **How Do I Get More Information?**

Inquiries or comments about the Action, the Settlement, or the request for attorneys' fees and expenses may be directed to the attention of Plaintiffs' Counsel as follows:

17

Shane T. Rowley
Julia Sun
LEVI & KORSINSKY, LLP
30 Broad Street, 24th Floor
New York, NY 10004

-and/or-

Gustavo F. Bruckner
Samuel J. Adams
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016

## XI.     SPECIAL NOTICE TO NOMINEES

If you held any Baker common stock on any date from July 29, 2013 to and including the effective date of consummation of the Merger, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Notice Administrator:

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not

have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

**DO NOT WRITE OR CALL THE COURT.**

Dated:   March 10, 2014

                                        BY THE COURT:


                                        /s/ Maureen P. Kelly
                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE