IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BISCH and DAVID SHAEV, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT N. BONTEMPO, NICHOLAS P. CONSTANTAKIS, DAVID L. DENINNO, ROBERT H. FOGLESONG, MARK E. KAPLAN, PAMELA S. PIERCE, DAVID N. WORMLEY, and MICHAEL BAKER CORPORATION,<br><br>Defendants. | Case No. 2:13-cv-01392<br><br>Electronically Filed |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court on May 21, 2014 to determine whether the terms and conditions of the Stipulation of Settlement dated January 30, 2014 (the "Stipulation"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in the above-captioned shareholder class action ("Action"); and whether the Settlement should be approved by this Court and the Order and Final Judgment should be entered herein; and the Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED this 21st day of May, 2014, AS FOLLOWS,

1. This Order and Final Judgment ("Judgment") incorporates and makes part hereof the Stipulation filed with this Court on January 31, 2014, including Exhibits A-C thereto, ECF

No. 16-1. Unless otherwise defined in this Judgment, the capitalized terms in the Judgment have the same meaning as they have in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. The mailing of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing (the "Notice") pursuant to and in the manner prescribed in the Order on Preliminary Approval of Class Action Settlement and Class Certification entered on March 10, 2014 (the "Preliminary Approval Order"), ECF No. 24, which was accomplished by a first class mailing commenced on March 18, 2018, 2014, ECF No. 28-1, according to the proof of such mailing of the Notice to the Class filed with the Court by counsel for Michael Baker Corporation ("Baker" or the "Company"), is hereby determined to be appropriate and reasonable notice under the circumstances, satisfying Fed. R. Civ. P. 23 ("Rule 23"), due process, and applicable law.

4. The Court finds that the Class Action is a proper class action, for settlement purposes only, and hereby certifies the Action as a class action under Rules 23(a) and (b)(1) and/or (b)(2) on behalf of the following non-opt-out class (the "Settlement Class"):

> all owners of shares of the common stock of Michael Baker Corporation ("Baker" or the "Company"), either of record or beneficially, and their successors in interest at any time between and including July 29, 2013 (the announcement date of the Merger Agreement) and October 11, 2013 (the date of the consummation of the Merger) ("Class Period"), excluding Defendants and DC Capital, and their respective immediate family members, entities in which they have or had a controlling interest and affiliates, officers and directors of any one or more of the foregoing entities, and the respective legal representatives, heirs, successors in interest, predecessors, trustees, executors, administrators, heirs, assigns, or transferees of any such excluded persons.

5. Specifically, the Court finds, for the sole purpose of settlement, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable, thus Rule 23(a)(1) is satisfied; (b) there are questions of fact or law common to the Settlement Class, thus Rule

23(a)(2) is satisfied; (c) the claims of Plaintiffs Steven Bisch and David Shaev, the conditionally certified Class Representatives, are typical of the claims of the Settlement Class, thus Rule 23(a)(3) is satisfied; (d) Plaintiffs and their counsel have and will fairly and adequately protect the interests of the Settlement Class, thus Rule 23(a)(4) is satisfied; and (e) in accordance with Rule 23(b)(1), a class action provides a fair and efficient method for adjudication of the controversy because the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and/or, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other members of the Settlement Class; and/or (f) in accordance with Rule 23(b)(2), the Action alleges that Defendant acted or refused to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

6. The Court hereby certifies, for settlement purposes only, Plaintiffs Steven Bisch and David Shaev as Class Representatives, and their counsel, Levi & Korsinsky LLP ("Levi & Korsinsky") and Pomerantz LLP (the "Pomerantz Firm") as Class Counsel.

7. The Court approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of Plaintiffs and the other members of the Settlement Class. The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety. The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all of the claims alleged therein are hereby dismissed on the merits with prejudice as to all Defendants as against Plaintiff and all members of the Settlement Class, with no costs awarded to any Party expect as provided herein

9. As of the Effective Date, Plaintiffs and members of the Settlement Class shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice, completely, individually, and collectively, the Settled Claims (including Unknown Claims) against the Released Persons, and shall be forever barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any Settled Claims (including Unknown Claims), either directly, representatively, derivatively, or in any other capacity, against any Released Person in any court of law or equity, arbitration tribunal, or administrative forum of any kind.

(a) "Settled Claims" means any and all claims, demands, rights, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal, or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law) by or on behalf of Plaintiffs, the Company (whether by the Company or any shareholder or other Person derivatively on behalf of the Company), or any Settlement Class members in their capacity as shareholders, whether individual, direct, class, derivative, representative,

legal, equitable, or any other type or in any other capacity against any of the Released Persons, which have arisen, could have arisen, arise now, or hereafter may arise out of or relate in any manner to the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, or omissions or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to: (a) the allegations in the Action, (b) the Tender Offer, the Merger, the Merger Agreement, and the transactions contemplated therein, (c) the conduct of the SLC including, without limitation, its investigation and recommendations, or (d) disclosures, statements, or representations made in connection with the Tender Offer, the Merger, the Merger Agreement, and the transactions contemplated therein (including the adequacy and completeness of such disclosures, statements or representations); provided, however, that the Settled Claims shall not include any claims to enforce the Settlement or any claims properly asserted by Baker shareholders for appraisal should such claims otherwise exist:

(b) "Unknown Claims" means any claim with respect to the subject matter of the Settled Claims that the Released Persons or Plaintiffs or members of the Settlement Class do not know or suspect exists in his, her, or its favor at the time of the release of the Settled Claims, including without limitation, those which, if known, might have affected the decision to enter into the Settlement or might have affected the decision not to object to the Settlement. With respect to any of the Settled Claims, the Parties stipulate and agree that upon the Effective Date, the Released Persons and Plaintiffs shall expressly and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released any and all

provisions, rights, and benefits conferred by or under California Civil Code section 1542 (or any similar, comparable, or equivalent law or provision), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Released Persons and Plaintiffs acknowledge, and members of the Settlement Class shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Released Persons and Plaintiffs, and by operation of law the members of the Settlement Class, to completely, fully, finally, and forever extinguish and release any and all Settled Claims (including Unknown Claims as defined in this paragraph), without regard to the subsequent discovery of additional or different facts. The Released Persons and Plaintiffs acknowledge, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Settled Claims was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation.

(c) "Released Persons" means Defendants and DC Capital, and any of their past or present immediate family members, marital communities, predecessors, successors-in-interest, parents, subsidiaries, associates, representatives, agents, officers, directors, stockholders, employees, principals, trustees, executors, heirs, affiliates (including subsidiaries thereof), assigns or transferees and any person or entity acting for or on behalf of any of them (including investment bankers, accountants, insurers, reinsurers and attorneys).

10. As of the Effective Date, each of the Released Persons shall fully, finally, and forever settle, release, discharge, extinguish, and dismiss with prejudice, completely, individually, and collectively, Plaintiffs, Plaintiffs' Counsel, and members of the Settlement Class, from all claims, including Unknown Claims, based upon or arising out of the commencement, prosecution, settlement or resolution of the Action or the Settled Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

11. Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor the facts or any terms of the Settlement is to be considered in this or any other proceeding as evidence, or a presumption, admission, or concession by any Party in the Action, any signatory thereto (including Plaintiffs' Counsel"), or any Released Persons or Settlement Class member, of any fault, liability, or wrongdoing whatsoever, or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action or in any other actions or proceedings. Defendants and/or their respective Related Parties may file the MOU, the Stipulation and/or this Judgment in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. After consideration of Plaintiffs' application for reasonable fees and reimbursement of expenses, Plaintiffs' Counsel is hereby awarded $ 350,000 in attorneys' fees and $ 15,000 in expenses, which amounts the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. Neither counsel representing Plaintiffs in the Action nor Plaintiffs shall make any further or additional application for

attorneys' fees and expenses in connection with the Action to the Court or any other court, except as contemplated by the Stipulation.

13. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. If the Effective Date does not occur for any reason, unless the Parties otherwise agree in writing as contemplated in the Stipulation, the Settlement and the Stipulation and all orders entered and releases delivered in connection herewith (except for Paragraph 11 hereof and Paragraphs 3.2, 5.2, 6.1, 6.2, 6.3, 6.4, 7.13, and 7.17 of the Stipulation, which shall survive any such termination or vacatur), shall be rendered null and void and of no force and effect and, in such event, the Parties shall return to their respective litigation positions in the Action as of the time immediately prior to the date of the execution of the MOU, as though it were never executed or agreed to, and the MOU and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of the MOU, the Stipulation or the Settlement, and neither the existence of the MOU, the Stipulation nor their respective contents shall be admissible in evidence or be referred to for any purposes in the Action, or in any litigation or judicial proceeding, other than to enforce the terms hereof.

15. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement and this Judgment.

16. The Clerk of the Court is directed to enter and docket this Judgment.

**IT IS SO ORDERED** this _21st_ day of _May_, 2014.

_____
HONORABLE MAUREEN P. KELLY,
UNITED STATES MAGISTRATE JUDGE